Ostrander v. Norris.

## ATTACHMENT AND GARNISHMENT.

[Lucas (6th) Circuit Court, November, 1908.]

Wildman, Winch and Marvin, JJ.

(Judges Marvin and Winch of the eighth circuit, sitting in place of Judges Parker and Kinkade.)

### D. N. OSTRANDER v. J. A. NORRIS.

PERSONAL SERVICE BY REGISTERED LETTER OF WRITTEN DEMAND ON DEBTOR, SUFFI-
CIENT.

Service by registered letter of written demand for the excess over and above 90 per cent of a debtor's personal earnings, and acknowledgment of its delivery to defendant personally constitute a sufficient compliance with Sec. 6501 Rev. Stat.

[Proof of this decision and syllabus has been submitted to Judge Winch and corrected.]

ERROR to Lucas common pleas court.

C. O. Richey, for plaintiff in error.
Taylor & Foster, for defendant in error.

WINCH, J.

This was an action begun in a justice court, in which an order of attachment was issued garnisheeing 10 per cent of the defendant's wages. We are advised by the bill of exceptions that before bringing his action, the plaintiff, pursuant to Sec. 6501 Rev. Stat., made a demand in writing for the excess over and above 90 per cent of the personal earnings of the defendant by sending to him by registered letter a proper demand which was delivered to the defendant personally, the defendant admitting that he received said demand four days before the action was begun.

The defendant filed a motion before the justice asking for a dissolution of the attachment and this motion being overruled, he appealed said motion, as provided in Sec. 6494 Rev. Stat. to the common pleas court, the principal case still pending before the justice.

On appeal in the common pleas court, the only reason assigned why the motion to discharge the attachment should be granted, was the want of a sufficient written demand upon the defendant for 10 per cent of his wages.

The common pleas court granted this motion; why, we do not know.

Lucas County.

Without discussing the ruling announced in the case of *K. B. Co.* v. *Batie*, 25 O. C. C. 482 (2 N. S. 358), that failure to make such demand is no ground for discharging an attachment, it sufficiently appears in this case that a demand was made and that the defendant had a reasonable time within which to comply with it, and so save costs.

What difference does it make, so long as the debtor personally receives the written demand, whether it is handed to him by the creditor, his attorney, the attorney's clerk, a messenger boy, or a letter carrier? In this case it isn't a question of proving that the debtor received the demand by any presumption arising from depositing a letter properly addressed and stamped in the post office;—the debtor *admits* he received the demand, and it is immaterial how he received it, so long as he had time to answer it before suit was brought.

The judgment is reversed because contrary to law and the facts, and the cause is remanded to the common pleas court with instructions to overrule the motion to dissolve the attachment and transmit its judgment with the original papers to the justice of the peace as required by law.

**Wildman** and **Marvin, JJ.,** concur.